UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Melvin Arzu,<br><br>        Plaintiff,<br> -v-<br><br>Bronxville Gardens Co-Operative Apartments Corp.,<br>Trion Real Estate Management LLC, and<br>Gramatan Management, Inc.,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Melvin Arzu ("Plaintiff," or "Arzu"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants Bronxville Gardens Co-Operative Apartments Corp., Trion Real Estate Management LLC, and Gramatan Management, Inc., (collectively "Defendants") respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages under Article 6 of the New York

Labor Law including Section 191, and compensation for not receiving notices and statements required by NYLL 195, and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Melvin Arzu ("Plaintiff" or "Arzu") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief, and at all times relevant herein, Defendant Bronxville Gardens Co-Operative Apartments Corp. ("BGC") was a New York for-profit corporation.

9. Upon information and belief, and at all times relevant herein, Defendant Trion Real Estate Management LLC ("Trion") was a New York for-profit Limited Liability Company.

10. Upon information and belief, and at all times relevant herein, Defendant Gramatan Management, Inc. ("Gramatan") was a New York for-profit corporation.

11. From in or around 2013 until in or around 2017, Defendant Gramatan owned and/or operated the buildings in which Plaintiff worked.

12. From in or around 2017 until on or about September 16, 2019, Defendant Trion and BGC owned and/or operated the buildings in which Plaintiff worked.

13. Upon information and belief, from in or around 2017, Defendants Trion and BGC became the successor in interest to Defendant Gramatan with respect to the employment of Plaintiff and the building in which Plaintiff worked.

14. At all times relevant herein, Defendants were managing agents of Defendant BCG and managed and operated the buildings in which Plaintiff worked on behalf of Defendant BCG.

15. At all times relevant herein, Defendants Trion, BGC, and Gramatan individually and/or jointly controlled the employment of Plaintiff and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions.

16. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## STATEMENT OF FACTS

17. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership within the New York tri-state area.

18. Upon information and belief and at all times relevant herein, Defendants owned and/or operated dozens of buildings and employed several dozen employees.

19. At all times relevant herein, defendants, individually, and/or jointly employed Plaintiff as a handyman and Plaintiff performed manual work including maintenance and repairs in Defendants' multi-story buildings.

20. Plaintiff was employed as a full-time employee by Defendants from in or around 2013 to on or about September 16, 2019.

21. At all times relevant herein, Plaintiff was paid at an effective rate of $31.38[1] an hour and Plaintiff was not paid for hours worked in excess of 40 in a week, for each week during his employment with Defendants.

22. At all times relevant herein, Defendants provided Plaintiff with an apartment as part of his compensation – the apartment was valued at $1800 a month.

23. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately 52.5 hours each week and likely more, 7 days a week and Plaintiff was not paid any wages for all hours in excess of 40 in a week, for each such week wherein such overtime was worked. Upon information and belief and on some occasion, Plaintiff was paid for small amounts of overtime but Defendants failed to include the value of the apartment provided to Plaintiff in the calculation of his overtime rate and wages – in violation of the FLSA and NYLL.

24. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all the hours worked by Plaintiff nor all wages earned, among other deficiencies.

27. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly had annual revenues and/or expenditures in excess of $500,000.

---

[1] Plaintiff was paid $21.00 an hour for 40 hours by check and he was also provided an apartment valued at $1800 a month as part of his compensation – resulting in an effective hourly rate of about $31.38/hr.

28. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

29. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

30. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

31. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

34. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

35. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state overtime rights and failed to inform plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

37. "Plaintiff" as used in this complaint refers to the named Plaintiff.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

41. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

42. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

43. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime)

45. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 42

above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 12 NYCRR § 141-1.4.

47. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

48. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4.

**Relief Demanded**

49. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(NYLL § 190, 191, 193, 195 and 198)**

50. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

52. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

54. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

55. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

56. Declare Defendants (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, 141, and Article 6 of the NYLL – NYLL § 190 et Seq.

57. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

58. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

59. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

60. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
           March 31, 2020

Respectfully submitted,


Abdul Hassan Law Group, PLLC
/s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq. (AH6510) - *Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 Fax: 718-740-2000
Email: abdul@abdulhassan.com