# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                           Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                        Fax: 718-740-2000
*Employment and Labor Lawyer*                                               Web: www.abdulhassan.com

October 11, 2020

**Via ECF**

Hon. Paul E. Davison, USMJ
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

                **Re: <u>Arzu v. Bronxville Gardens Co-Operative Apartments Corp. et al</u>**
                    Case No.  20-CV-02679 (PED)
                    **Motion for Settlement Approval**

Dear Magistrate-Judge Davison:

      My firm represents plaintiff Melvin Arzu ("Plaintiff" or "Arzu") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully-executed copy will be provided to the Court once Defendants sign.

      Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

      In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input at the mediation conducted by an experience FLSA mediator from this Court's panel. Assuming, for settlement purposes, that Defendants overcome any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be about $23.90/hr. and he would be owed about $11.95 per overtime hour – or $149.37/wk. Plaintiff was employed by Defendants from in or around 2013 to on or about September 16, 2019. The complaint in this action was filed on March 31, 2020. (See ECF No. 1).

1

It is Defendants' position that Plaintiff is not entitled to overtime wages under the janitorial exemption of the NYLL. Crediting Defendants with this argument for settlement purposes at this time, we have FLSA overtime wages of about $149.37/wk x 74wks = $11,053 under the FLSA's two-year statute of limitations period for non-willful violations. Defendants may also be able to avoid the imposition of liquidated damages, if they prove a good-faith affirmative defense. Defendants also disputes the work hours alleged by Plaintiff. In general Defendants deny Plaintiff's allegations that he is owed wages and damages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Even though releases are typically limited under *Cheeks*, the wider releases are appropriate in this case because Plaintiff is also receiving a release from Defendants and more importantly, claims beyond the wage and hour claims, including potential termination claims, were also the subject of the settlement discussions and the settlement amount is more than it would have been because of the general release bargained for and which was part of the Mediator's recommendation.  See i.e. *Hixholli v. Aqua 3065 GC LLC et al*, Case Number 19-CV-05654, ECF No. 35, page 2 ¶ 1, (JudgeNetburn - SDNY, November 25, 2019)(approval of single FLSA settlement agreement with mutual releases, including release of apartment related claims like we have in this case); *Contreras v. GM6 Residential Services, LLC et al*, Case No. 18-CV-12148, ECF No. 23-24, (May 23, 2019)(approval of single FLSA settlement agreement with mutual releases, including release of apartment related claims like we have in this case); *Hidalgo v. Villiford Realty Corporation*, Case No. 18-CV-10017, ECF No. 23, (April 22, 2019)(approval of single FLSA settlement agreement with mutual releases, including release of apartment related claims like we have in this case).

The total settlement amount is $35,000. (See Ex. 1 ¶ 1). Under the settlement, Plaintiff is due to receive $22,927 (See Ex. 1 ¶ 2) after costs and a 1/3 contingency fee. (See Ex. 1 ¶ 2).

Plaintiff's counsel is due to receive reimbursement of Six Hundred and Ten Dollars ($610) in filing ($400), and service costs ($210), plus a 1/3 contingency fee of Eleven Thousand, Four Hundred Sixty-Three Dollars ($11,463) (Ex. 1 ¶ 2)[1]. See *Venegas v. Mitchell*, 495 U.S. 82,

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

   The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Carrion v. 381 North Ave. Auto Care Inc. et al*, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019)(approving a 1/3 fee of $8,136 under *Cheeks*); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Elahi v. Metropolitan Garment Cleaning Inc. et al*, Case No. 18-CV-02372 (Judge Reyes – R&R November 13, 2018)(approving a 1/3 fee of $13,047 under *Cheeks*); *Romard v. Gateway Arms Management Corp.*, Case No. 18-CV-03185 (Magistrate-Judge Reyes - September 6, 2018)(approving a 1/3 fee of $11,666 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597- (Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff may receive nothing or a lot less. Second, the amount Plaintiff is due to receive under the settlement is not insignificant in relation to the FLSA wages claimed and represents a fair compromise in light of the legal and factual issues. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsels via ECF**